## MULHALL v. EXPRESS PUB. CO.
(No. 6446.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 3, 1920. Rehearing Denied Dec. 1, 1920.)

**1. Libel and slander ⬳123(8)—Where plaintiff's evidence showed privileged publication, question cannot be submitted to the jury.**

In an action for damages for the publication of an article stating that plaintiff, who had been arrested for illegally transporting liquor, was discharged after hearing before a justice, and that thereafter the Attorney General procured an injunction restraining him from selling the liquor, where the testimony offered by plaintiff showed that the account was fair, true, and impartial, though abridged, an assignment asserting that, because of the abridgment and the failure of defendant to offer any testimony as to the truth of the publication or its good faith, the question of qualified privilege should have been submitted to the jury, must be overruled.

**2. Libel and slander ⬳42(1) — Newspaper need not interview defendant before publishing judicial proceeding.**

The publisher of a newspaper need not interview a defendant as to his defense before publishing an account of judicial proceedings.

**3. Libel and slander ⬳42(1)—Publisher need not state whether complaint was on information and belief or knowledge.**

The publisher of a newspaper article which stated that, after plaintiff, who was charged with illegally transporting liquor, was discharged by a justice, the Attorney General procured an injunction, is not liable for defamation because the article did not state whether the complaint on which the injunction was procured was based on information and belief or on knowledge.

**4. Libel and slander ⬳42(1)—Publisher not liable because failing to state party's contention.**

The publisher of an article setting out that after plaintiff, who was arrested for the illegal transportation of liquor, was discharged by a justice of the peace, the Attorney General procured an injunction against sale, is not liable because he failed to state plaintiff contended that he was transporting the liquor for export; it not appearing that the transportation for export was illegal while other transportation was not.

**5. Libel and slander ⬳42(1)—Publication of judicial proceedings held not defamatory, though not strictly accurate.**

Where defendant published an article stating that plaintiff, who was arrested on complaint of illegally transporting liquor, was discharged after hearing before justice, who held that the evidence was insufficient to show violation, the fact that the justice, without authority of law, found plaintiff not guilty, will not render defendant liable, the account not differing in substance from the judgment of the justice, and there being nothing to indicate any suppression of facts.

**6. Libel and slander ⬳101(4)—Plaintiff has the burden of proving privileged communication malicious.**

The publication of judicial proceedings being privileged, plaintiff has burden of proving malice.

**7. Evidence ⬳581—Libel and slander ⬳109—Defendant's statement before justice inadmissible where reporter not shown to have been present; failure to state in publication nature of crime no evidence of malice.**

In an action for publication of an alleged defamatory article as to proceedings in justice court against plaintiff therein for violating the prohibition law, wherein he was discharged, etc., claimed to be privileged, evidence that plaintiff had testified he was transporting the liquor for export is inadmissible where it did not appear that the publisher's reporter was present, but the failure to state that the whisky was to be carried to Mexico would be no evidence of malice.

**8. Evidence ⬳243(2)—Declaration of newspaper reporter not binding.**

Declarations by newspaper reporter after the publication of the alleged defamatory article are no wise binding on the publisher and are properly excluded.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by J. F. Mulhall against the Express Publishing Company. From a judgment for defendant, plaintiff appeals. Affirmed.

J. D. Dodson and J. Ed. Wilkins, both of San Antonio, for appellant.

F. C. Davis and Denman, Franklin & McGown, all of San Antonio, for appellee.

FLY, C. J. This is a suit for damages instituted by appellant against appellee which it is alleged arose on account of a certain libelous publication made by appellee in its two daily newspapers, the San Antonio Express and the San Antonio Evening News, on November 6 and 7, 1918. Appellee answered that the publication was a report of judicial proceedings, and consequently was privileged under the statute. The court instructed the jury to return a verdict for appellee after the evidence introduced by appellent.

The publication of which complaint is made is as follows:

"San Antonio Man is Released for Lack of Evidence.

"J. F. Mulhall, Charged with Violating Liquor Law, Discharged by Justice.

"The Express Austin Bureau.

"Austin, Texas, Nov. 6.—J. F. Mulhall of San Antonio, arrested here several days ago on complaint of illegally transporting liquor through

Texas in violation of the anti-shipping provisions of the state-wide prohibition law, was discharged to-day after a hearing before justice of the peace, who held that the evidence introduced was insufficient to show that Mulhall had violated the prohibition law.

"Immediately after the discharge of Mulhall, Attorney General Looney obtained a writ of injunction from District Judge George Calhoun restraining Mulhall from selling, receiving, or transporting liquor into the city of San Antonio. At the time of Mulhall's arrest he was in an automobile and had in his possession about 300 quarts of liquor. He said he had bought the liquor at Brenham and was en route to San Antonio. The liquors were taken into custody by the chief of police and stored in the city hall, where they are now. Whether or not Mulhall will make an attempt to recover possession of the liquor is a matter which has not yet developed. The Attorney General's department contends that the order issued by Judge Calhoun means that Mulhall cannot legally remove the liquor from the place where it is now stored. If this is the law, the 300 quarts of liquor will remain at the city hall for some time, as there will not be a final hearing on the injunction case until the next term of Judge Calhoun's court in January, 1919.

"Under the order issued by Judge Calhoun, Mulhall is restrained 'from selling any intoxicating liquors anywhere in the state of Texas and from transporting or having transported any intoxicating liquors and from receiving for sale from any common carrier or other carrier and from bringing into the city of San Antonio any intoxicating liquors for the purpose of sale, except for mechanical, medicinal and sacramental purposes.'

"It is alleged in the petition that Mulhall on November 2 bought a large quantity of intoxicating liquors in Washington county, and on November 3 transported a portion of it, about 300 quarts, from the town of Brenham to the city of Austin; that the liquor was not being transported for medical, scientific, or sacramental purposes, but in violation of the anti-shipping provisions of the state-wide prohibition law.

"It is further alleged that Mulhall has stored in Brenham a large quantity of intoxicating liquors, about 700 quarts, and that 'it is the expressed intention of the defendant to transport all of said intoxicating liquors so stored in the town of Brenham to and into the city of San Antonio; that it is not the purpose of the said defendant to transport the said intoxicating liquors for either medicinal, scientific, or sacramental purposes, but it is the intention of said defendant to sell said intoxicating liquors in violation of the anti-shipping provisions of the state-wide prohibition law.'

"The Attorney General alleges in his petition that Mulhall 'is engaged in the business of manufacturing and selling cider, and that it is his desire to add alcohol to the said cider in its manufacture.' Allegation is made that the defendant is about to transport the liquor from Austin to San Antonio, and that, unless restrained by injunction, he will transport the liquor in violation of the anti-shipping provisions of the state-wide prohibition act."

While it is not contended that the judicial proceedings were not truthfully reported so far as the report went, it is contended that the report was not a verbatim one, but was abridged and intermingled with comments, and that there was a failure to publish all the facts in connection with the arrest, trial, and acquittal and the suing out of an injunction by the Attorney General. It is claimed that the publication should have contained the statement made by appellant at the time of his arrest that the whisky was intended for export to Mexico and the exhibition by him of letters from the district attorney of Bexar county, and, instead of stating that appellant was discharged by the justice of the peace because he held the evidence insufficient when the judgment rendered was "not guilty," that the publication should have stated that the Attorney General stated his allegations were made on information and belief, and should have stated that the injunction was granted without notice to appellant and was subject to further orders of the court.

The evidence showed, as alleged in the publication, that appellant was arrested on a complaint of illegally transporting liquor through Texas in violation of law; that he was discharged by the justice upon a finding that he was "not guilty of the offense of violating the liquor law"; that after Mulhall was discharged by the justice of the peace the Attorney General did obtain a writ of injunction from Judge George Calhoun restraining Mulhall from selling, receiving, or transporting liquor into the city of San Antonio. At the time of his arrest the evidence showed that Mulhall was in an automobile and had in his possession about 300 quarts of liquor, and he did state that he bought the liquor at Brenham and was en route to San Antonio. The liquors, as stated, were taken into custody by the chief of police and stored in the city hall, where they were when the publication was made, and it had not then developed whether an attempt would be made to recover the liquors. It was the contention that the liquor could not be moved from where it was stored on account of the restraining writ, and, if that contention was true, the liquor would remain in the city hall until the next term of the court. It is true that the order of Judge Calhoun restrained Mulhall from selling intoxicating liquor in Texas, and from doing any of the acts named in the publication, and all the allegations named as being in the petition for injunction were in the petition as published.

[1] In the only proposition under the first assignment of error, which covers three printed pages of the brief, it is contended that the "abridging and intermingling of purported contentions and statements, and the failure of appellee to offer any testimony as

to the truth of such purported contentions or its good faith, and suppressing and publication, afford sufficient facts and circumstances to entitle the plaintiff to have submitted to the jury the issue as to whether or not such a publication was a fair, true, and impartial report of a judicial proceeding entitling the same to qualified privilege." The testimony offered by appellant covered all the points named in the proposition, and it was totally unnecessary for appellee to introduce any testimony. There was material abridgment of the judicial proceedings, but every substantial part of them was set out in the publication, and the truth of the statements was fully proved by appellant, and it clearly appeared that the account was fair, true and impartial. The contentions attributed to the Attorney General were sustained by the allegations in his petition for injunction. The first assignment of error is overruled.

[2-6] The duty does not devolve upon publishers of newspapers, before they publish the judicial proceedings in a case, to interview the defendant in the case as to his defenses, nor is it incumbent on publishers to go into details as to whether a complaint was made on information and belief or on personal knowledge, but they can publish the material part of judicial proceedings without laying themselves liable to a charge of malicious publication. The complaint was the same, and accomplished the same results, whether made on information and belief or on knowledge. The injunction was obtained on the complaint, and it would not have mollified the statement in the least to have stated that it was based on information and belief. Neither would it have relieved appellant of any of the reproach arising from the accusation by stating that he said he would take the whisky to San Antonio and then export it to Mexico. Under the law the justice of the peace had no right to declare appellant not guilty, and when appellee stated that appellant "was discharged after a hearing before justice of the peace who held that the evidence was insufficient to show that Mulhall had violated the prohibition law," it amounted to the same thing as the finding of "not guilty." If the justice of the peace had possessed the authority to declare appellant not guilty, a report that he held that the evidence was insufficient to convict him would offer no evidence of malice or tend to show that the publication was not fair, true, and impartial. The account did not materially differ from the judgment of the justice of the peace. There was nothing to indicate a suppression of any facts that would tend to exonerate appellant. The

publication being a privileged one, it devolved on appellant to show malice. Railway v. Edmundson (Tex. Com. App.) 222 S. W. 181.

The third assignment of error is without merit. We fail to see that it would be proper to transport for exportation, but would be illegal, at the time the liquor was being transported, for appellant to carry the liquor to San Antonio for any purpose whatever. Appellant fails to show that one would be a crime and the other legal.

[7] The evidence did not show that Newton, the reporter, was present at the trial of appellant before the justice of the peace, and consequently there was no premise laid for the admission of the evidence of W. J. Morris that appellant had testified at the trial that he was taking the whisky to San Antonio to take to Mexico. The chief of police would not swear positively that appellee's reporter was at the trial, but, if he had been there, the failure to state that the whisky was to be carried to Mexico would be no evidence of malice. It was absolutely true that appellant did say that "he had bought the liquor in Brenham and was en route to San Antonio." The fourth and fifth assignments of error are overruled.

The letters written by the federal and state district attorneys to appellant had no bearing whatever on the issues of the case and were properly excluded. They could not by the wildest stretch of imagination have any bearing upon the issue of the malice vel non of appellee. Neither did the invoice for the whisky have any pertinency to the issues in the case. The sixth and seventh assignments of error are overruled.

[8] There was no relevancy in the testimony as to what Newton, the reporter, telephoned W. J. Morris after the publication had been made. His declarations could not bind appellee and were utterly irrelevant. The eighth assignment is overruled.

The article offered in evidence and rejected had not been pleaded, and contained nothing tending to show malice. The matters alleged in it were true and were practically what was contained in the other publication.

The evidence whose rejection is complained of in the tenth, eleventh, and twelfth assignments of error did not have the most distant connection with any issue in the case and was properly rejected. Preparations made by appellant to ship the liquor to Mexico could not be used to prove libel on the part of appellee. It may have been evidence in favor of appellant if he were being prosecuted, but cannot affect appellee.

The judgment is affirmed.